The motion erroneously assumes that the finding of a value of $560,000 is based on actual and reproductive costs with no allowance for depreciation and with no consideration of other factors affecting value. While such costs, with proper depreciation allowances, are important evidence on the issue of value, they are not its sole criterion. The nature of the enterprise, the demand for its product, the development and stability of the business, the efficiency of management, the steadiness of income, the comparison with other forms of invested capital, and the State's regulatory control of the utility are among the considerations of varying weight in determining value. In measurable degree these factors, so far as found to produce strength and soundness of investment, were found to create an increase of value over value tested only by investment costs with due adjustment for price changes in costs. It may be noted that the opinion finds the reproductive cost to be, not $660,000, but not less than that figure.
It is a misconstruction of the opinion to say that it does not recognize depreciation as an element depreciating value. It is true that the depreciation reserve is required to maintain actual investment. It is also true that in the estimate of a cost of a reproduced plant or of the cost of the present plant on the basis of present day prices, a depreciation allowance for present condition of the plant must be made to equalize the difference between old and new. And the conclusion of a value of $560,000 in no wise ignored the bearing of depreciation both in maintaining condition of the plant and in limiting value. The statement in the opinion that the depreciation reserve inures to the benefit of the utility was made to combat the commission's erroneous theory that it belongs to the customers. If, by its use in maintenance, it adds to actual value, the addition inures to the benefit of the owners of the utility.
Motion denied. *Page 299